UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Beatrice Wright & iHeart Realty
Group, Inc.,

    Plaintiffs,

v.                                                 Case No. 19-10763
                                                  Honorable Victoria A. Roberts

Ocwen Loan Servicing, LLC.,
U.S. Bank, N.A.,

    Defendants.
_____/

## **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

### I. Background

Plaintiffs Beatrice Wright and iHeart Realty bring suit against Defendants Ocwen Loan Servicing LLC ("Ocwen") and U.S. Bank, N.A. for state and federal law violations arising from the foreclosure of Wright's home.

Wright received a mortgage loan in 2006. Both parties agree that Ocwen was the loan servicer during all relevant times. Wright first defaulted on her loan in 2011 and then filed for bankruptcy. From here, details become less clear and there are conflicting dates in the complaint, which makes it difficult to discern what Plaintiffs' factual allegations are.

1

However, what is known for sure is Plaintiffs were notified of Defendants' intent to foreclose in spring 2017. This prompted Plaintiffs to submit an application to Defendants for loss mitigation in the form of a short-sale to iHeart. Defendants then sent a discount payment agreement ("DPA") to Wright either before or after receiving that application. It is contested whether Plaintiffs accepted the DPA, but it is clear it went unused. Wright's house was then foreclosed without a DPA or short-sale option. Foreclosure was initiated in September 2017, and finalized with a sale on February 1, 2018 to Defendant U.S. Bank, the loan provider. Plaintiffs make several other factual allegations, but they conflict with one another or are inconsistent with their own exhibits.

Around February 25, 2018 Defendants filed an eviction action in state court. Plaintiffs brought this suit with five counts against Defendants in March, 2018:

Count I: Violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605 ("RESPA"), and regulations promulgated under it including 12 C.F.R. § 1024.41 ("Regulation X") and 12 C.F.R. § 1024.21;

Count II: Breach of contract;

Count III: Promissory estoppel;

Count IV: Fraudulent inducement; and

Count V: Violation of MCL 600.2907A.

Plaintiffs ask for specific enforcement of the DPA, the sheriff's deed to be voided, damages from wrongful foreclosure, damages pursuant to RESPA, damages pursuant to MCL 600.2907A, and any other appropriate relief.

Defendants filed this motion to dismiss all counts on May 9, 2019. Plaintiffs, proceeding pro se, have not filed a response as required by LR 7.1(e)(1)(B).

Defendants' motion is granted. All counts are dismissed.

## II. Analysis

### A. *Standard of Review*

To survive a 12(b)(6) motion to dismiss, "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That factual plausibility arises when the plaintiff pleads facts that permit a reasonable inference of liability for the alleged misconduct. *Id.* A reasonable inference must rely on factual allegations that are above a speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Specific facts are not necessary; the plaintiff need only give defendant fair notice of the claims and the grounds they rest on. *Erickson v. Pardus*, 551

U.S. 89, 93 (2007). Additionally, the complaint must be viewed in a light most favorable to the plaintiff, and all allegations accepted as true. *Handy-Clay v. City of Memphis, Tenn.*, 695 F.3d 531, 535 (6th Cir. 2012).

However, the court does not need to accept legal conclusions couched as truths. *Ashcroft*, 556 U.S. at 678. Additionally, the defendant has the burden to show plaintiff failed to state a plausible claim for relief. *Taylor v. City of Saginaw*, 922 F.3d 328, 331-32 (6th Cir. 2019).

Materials that may be considered in a 12(b)(6) motion consist of (1) the complaint, (2) any exhibits attached to it, (3) public records, (4) any items in the record or exhibits attached to defendants' motion if they are referenced in plaintiff's complaint and central to plaintiff's claims. *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

B. *Plaintiffs' RESPA Claim*

Defendants say Count I—the RESPA, Regulation X, and 12 C.F.R. 1024.21 claim—should be dismissed because Plaintiffs failed to allege facts showing actual damages, failed to establish a causal relationship between the damages and violations, and they lack standing to bring a RESPA claim. However, Defendants only develop their argument that Plaintiffs fail to establish causation between the alleged RESPA violation and damages.

4

In their first count, plaintiffs rely, in part, on 12 C.F.R. § 1024.21, which does not provide for a private cause of action. *Buttermore v. Nationstar Mortg. LLC*, No. 16-14267, 2017 WL 2306446, at *7 (E.D. Mich. May 26, 2017) (finding private cause of action exists only for 12 C.F.R. § 1024.41). That alone is reason to dismiss plaintiffs' claims under 12 C.F.R. § 1024.21.

However, Regulation X, promulgated under RESPA, grants a private cause of action when a loan servicer does not take certain, required steps after receiving a loss mitigation application. *Knott v. Ocwen Loan Servicing, LLC*, No. 17-12886, 2018 WL 3997825, at *3 (E.D. Mich. Aug. 20, 2018). Claims brought under Regulation X and RESPA are limited to actual damages and preclude equitable relief. *E.g.*, *Mrla v. Fed. Nat'l Mortg. Ass'n*, No. 15-CV-13370, 2016 WL 3924112, at *3 (E.D. Mich. July 21, 2016).

Additionally, a complaint alleging violations of Regulation X and RESPA must make more than a naked claim of actual damages. *Id.* Instead, the complaint must allege damages that are traceable to the defendant's conduct. *Houle v. Green Tree Servicing, LLC*, No. 14-CV-14654, 2015 WL 1867526, at *4 (E.D. Mich. Apr. 23, 2015). When a

complaint does not explain how damages are traceable to defendant's conduct, the RESPA claims should be dismissed without prejudice. *See id.*

Plaintiffs do not trace the Defendants' conduct to the harm they allegedly suffered from the RESPA violation. Although Plaintiffs allege they suffered actual damages and prejudice resulting from the RESPA violation, they fail to allege or explain how the violation caused those damages. In other words, Plaintiffs merely make a naked claim of actual damages.

Plaintiffs' claim under RESPA, Count I, is dismissed without prejudice.

### B. *Plaintiffs' State Law Claims*

The RESPA claim is the only claim the Court has original jurisdiction over. Only state law claims remain. Pursuant to 28 U.S.C.A. § 1368(c)(3), the Court declines to exercise supplemental jurisdiction over these state law claims and dismisses them.

Counts II – V are dismissed.

### III. Conclusion

Defendants' Motion to dismiss is GRANTED WITHOUT PREJUDICE for all Counts.

IT IS ORDERED.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 7, 2019